UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| KENJUAN DE ADAMS, | ) | No. CV 11-3852 VBF (FFM) |
| Petitioner, | ) ) | ORDER RE SUMMARY DISMISSAL OF ACTION WITHOUT PREJUDICE |
| vs. | ) ) ) | |
| A. HEDGPETH, WARDEN, | ) ) | |
| Respondent. | ) ) | |

On or about April 15, 2011, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") herein. The Petition challenges a 2006 conviction and sentence.

Petitioner alleges that he has a petition for writ of habeas corpus currently pending before the California Supreme Court. (Petition at 4 and 5.)

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective

to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. *See* 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). A federal court may raise the failure to exhaust issues *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam); *see also Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Because petitioner alleges that he currently has a petition pending in the California Supreme Court, the exhaustion issue here is governed by the Ninth Circuit's holding and reasoning in *Sherwood v. Tompkins*, 716 F.2d 632 (9th Cir. 1983). There, the petitioner was seeking habeas relief on the ground that he had been denied his right to appointed counsel and free transcripts. Although the petitioner's state appeal from his conviction still was pending, the petitioner arguably had exhausted his state remedies with respect to the particular claim being raised in his federal habeas petition. The Ninth Circuit held that the federal habeas petition nevertheless had to be dismissed for failure to exhaust state remedies:

///

///

> [E]ven were Sherwood to have exhausted all his state remedies with respect to the denial of his appointed counsel and free transcript request, that would not be enough to satisfy the requirements of 28 U.S.C. §§ 2254(b) and (c). When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.
>
> As we explained in *Davidson v. Klinger*, 411 F.2d 746, 747 (9th Cir. 1969), even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question.

*Sherwood*, 716 F.2d at 634 (footnote and remaining citations omitted).

Other courts in this Circuit also have applied the *Sherwood* dismissal rule where the petitioner had a state habeas petition pending. *See, e.g., Lockhart v. Hedgpeth*, 2008 WL 2260674, **1 (N.D. Cal. 2008); *Craft v. Sisko*, 2008 WL 906438, *1-*2 (C.D. Cal. 2008); *McDade v. Board of Corrections*, 2007 WL 3146736, *1 (N.D. Cal. 2007); *Hancock v. Marshall*, 2007 WL 1521002, *1 (N.D. Cal. 2007); *Kilgore v. Malfi*, 2007 WL 1471293, *2-*3 (N.D. Cal. 2007).

Therefore, the Petition is subject to dismissal.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

| | |
|---|---|
| 1 |     IT IS THEREFORE ORDERED that this action be summarily dismissed |
| 2 | without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases |
| 3 | in the United States District Courts. |
| 4 |     LET JUDGMENT BE ENTERED ACCORDINGLY. |
| 5 | |
| 6 | Dated: 5-10-11 |
| 7 | |
| 8 |                                                     _/s/ Valerie Baker Fairbank_ |
| 9 |                                           VALERIE BAKER FAIRBANK<br>                                          United States District Judge |
| 10 | |
| 11 | Presented by: |
| 12 | |
| 13 |   _/S/ FREDERICK F. MUMM_<br>    FREDERICK F. MUMM |
| 14 |   United States Magistrate Judge |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |